## G. J. Jones v. The State.

No. 686.   Decided June 15, 1910.

Rehearing Denied October 12, 1910.

**1.—Rudely Displaying Pistol in Public Place—Sufficiency of the Evidence.**

Where, upon trial of rudely displaying a pistol in a public place, the latter being a public road, it was no defense that the particular portion of the road on which the defendant so displayed the pistol belonged to him.

**2.—Same—Query.**

Whether the defendant could be convicted for unlawfully carrying a pistol. where the evidence showed that that part of the public road upon which he

was found with a pistol belonged to him is not decided; he being convicted of rudely displaying same in a public place.

Appeal from the County Court of Erath.    Tried below before the Honorable J. B. Keith.

Appeal from a conviction of rudely displaying a pistol in a public place; penalty, a fine of $100.

The opinion states the case.

*J. T. Daniel,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Erath County at a trial had before the court without the intervention of a jury on the 11th day of March, 1910, on information charging him with rudely displaying a pistol in a public place, and his punishment assessed at a fine of $100.

The only question raised by the motion for new trial is that the judgment of the court is unsupported by the evidence. We think that not only is the judgment not unsupported by the evidence but that all the testimony taken together clearly makes out a case against appellant. The record shows that he went into the public road running by his place and there drew and displayed a pistol in a manner well calculated to disturb the peace of those to whom it was exhibited in a threatening manner. The proof tends to show that the particular portion of the road, on which he was standing at the time, was land belonging to him. This would be no defense. The road had been dedicated to public use and the peace of the public was superior to his right of ownership in the land. Whether he might be convicted for carrying a pistol on his own land, although a part of the road, we need not now determine, but that by terms of Articles 334 and 335 of our Penal Code he had no right to go into the public highway upon land the fee of which rested in him and disturb the peace, either by loud and vociferous talking or displaying a weapon seems to be placed beyond doubt. This seems to be supported by analogy by the decisions of this court under Article 340 of our Penal Code in reference to carrying arms to church or other assemblies where it is held that no person, unless he be a peace officer, not even the owner of the premises, can go into a social gathering and carry on or about his person a pistol without violating the provisions of this article.    See Brooks v. State, 15 Texas Crim. App., 88.    The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 12, 1910.    Reporter.]