[Crim. No. 7078.   In Bank.   July 17, 1962.]

In re CAROLINE MOSS on Habeas Corpus.

I. A. Kanarek for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, Wm. E. Doran and George J. Franscell, Deputy City Attorneys, for Respondent.

McCOMB, J.—Petitioner (hereinafter referred to as "defendant") seeks a writ of habeas corpus, claiming that she is being illegally restrained of her liberty by the Chief of Police of the City of Los Angeles.

*Facts*: On October 6, 1960, a member of the Los Angeles City Police Department operated a moving picture camera at intervals during a 15-minute performance by defendant at an establishment licensed by the city to present burlesque shows and to serve liquor.

On October 17, 1960, defendant was arrested and charged with a violation of section 41.02(b) of the Los Angeles Municipal Code, which provides: *"Indecent Shows*: . . . (b) No person shall exhibit or perform, or participate in the presentation of any obscene, indecent or lewd play or representation."

On January 18, 1961, after a jury trial, defendant was found guilty of violating the aforementioned section of the Los Angeles Municipal Code.

This is the sole question necessary for us to determine: *Has the state adopted a general scheme for the regulation of the criminal aspects of sexual activity and determined, to the exclusion of local regulation, what acts of exposure and exhibition shall be criminal?*

*Yes.*

*The Law*: A local municipal ordinance is invalid if it attempts to impose additional requirements in a field that is preempted by the general law. (Cal. Const., art. XI, § 11; *Abbott* v. *City of Los Angeles*, 53 Cal.2d 674, 682 [3 Cal.Rptr. 158, 349 P.2d 974]; *Agnew* v. *City of Los Angeles*, 51 Cal.2d 1, 5 [2] [330 P.2d 385]; *Tolman* v. *Underhill*, 39 Cal.2d 708, 712 [4] [249 P.2d 280]; *Pipoly* v. *Benson*, 20 Cal.2d 366, 370 [5] [125 P.2d 482, 147 A.L.R. 515]; *Natural Milk etc. Assn.* v. *City & County of San Francisco*, 20 Cal.2d 101, 108 [1] [124 P.2d 25].)

Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned. (*Pipoly* v. *Benson, supra,* 20 Cal.2d 366, 371.)

In determining whether the Legislature intended to occupy a particular field to the exclusion of all local regulation, we may look to the "whole purpose and scope of the legislative scheme" and are not required to find such an intent solely in the language used in the statute. (*Tolman* v. *Underhill, supra,* at p. 712 [6]; *Abbott* v. *City of Los Angeles, supra,* at pp. 682 [9], 684.)

In *In re Lane, ante,* p. 99 [22 Cal.Rptr. 857, 372 P. 2d 897], we called attention to the numerous Penal Code sections enacted by the Legislature covering the criminal aspects of sexual activity and held that such sections are so

extensive in their scope that they clearly show an intention by the Legislature to adopt a general scheme for the regulation of this subject.

At the time of the commission of the alleged offense, section 311, subdivisions 1 and 2 [now § 314, subds. 1, 2], of the Penal Code provided, in part: "Every person who wilfully and lewdly, either: 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; or, 2. Procures, counsels, or assists any person so to expose himself or to take part in any model artist exhibition, or to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adopted to excite to vicious or lewd thoughts or acts . . . is guilty of a misdemeanor. . . ."

Section 647, subdivision 5, of the Penal Code at the time of the commission of the alleged offense provided, in part: "Every lewd or dissolute person . . . [i]s a vagrant, and is punishable by a fine of not exceeding five hundred dollars ($500), or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."*

Section 650½ of the Penal Code now provides, and provided at the time of the commission of the alleged offense, in part: "A person who willfully and wrongfully commits any act . . . which openly outrages public decency . . . is guilty of a misdemeanor."

A reading of the above-quoted sections of the Penal Code shows clearly that the state had occupied the field with regard to the criminal aspects of indecent exposure and obscene exhibitions. Accordingly, a city ordinance attempting to make certain acts of exposure and exhibition criminal is in conflict with the state law and is void.

In view of our conclusions, it is unnecessary to discuss other questions raised by defendant.

Defendant is ordered discharged from custody.

Gibson, C. J., Traynor, J., Schauer, J., and Peters, J., concurred.

WHITE, J.—I concur in the judgment.

I still adhere to the views expressed in the dissenting

---

*A single act of lewdness or dissoluteness may be sufficient to establish that a person is a vagrant under this provision. (*People* v. *Babb,* 103 Cal. App.2d 326, 330 [15, 16] et seq. [229 P.2d 843]; *People* v. *Scott,* 113 Cal. App.Supp. 778, 781 [2] et seq. [296 P. 601] [nude dancing].)

opinions in *In re Lane* (Cal.) 18 Cal.Rptr. 35, 367 P.2d 675, and in the same case after rehearing granted, *ante*, p. 99 [22 Cal.Rptr. 857, 372 P.2d 897], in which dissents I concurred, and which stand for the principle that under the express grant of power contained in article XI, section 11 of our California Constitution, where the Legislature has prohibited certain conduct, cities and counties may nevertheless prohibit other and different conduct in the same field by the adoption of local ordinances in furtherance of the state act as might appear reasonable and proper in a given locality. In other words, the mere fact that the Legislature has entered a certain field through legislation therein does not justify the implications that it has preempted that field to the exclusion of local legislation in the same field unless it can justly and reasonably be said that the local ordinance is in conflict with the Constitution or with the provisions of the state law. (*Stanislaus County etc. Assn.* v. *County of Stanislaus*, 8 Cal.2d 378, 384, 385 [65 P.2d 1305].) As was said in the dissenting opinion in the case of *In re Lane, supra* ((Cal.) 18 Cal.Rptr. 35, 367 P.2d 675, citing and discussing supporting cases): "This court, in every case where it has invalidated such local legislation as being in conflict with general laws, has found some additional factor or factors from which the intention of the Legislature to occupy the field to the exclusion of any local legislation either expressly appears or can be reasonably implied."

In the case now engaging our attention, petitioner was charged with a violation of subsection (b) of section 41.02 of the Los Angeles Municipal Code (the ordinance here challenged as void), which makes it unlawful for a person "to exhibit and perform or participate in the presentation of an obscene, indecent and lewd play or representation."

However, in the case now before us, I am satisfied that by the very language of subdivision 2 of Penal Code section 314 making it unlawful for any person ". . . to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to excite to vicious or lewd thoughts or acts . . ." and in section 650½ of the Penal Code making it a misdemeanor for any person to commit any act ". . . which openly outrages public decency . . ." the Legislature has manifested a clear intention to occupy in its entirety the field in which the City of Los Angeles sought to legislate. We are not here confronted with an ordinance which involves new and additional regula-

tions in aid and furtherance of the general law, as did the ordinance under consideration in the case of *In re Lane, supra,* but with an ordinance which punishes exactly the same act denounced by a state law. It is, consequently, in conflict therewith and therefore, to that extent, void. (*In re Mingo,* 190 Cal. 769, 771 [214 P. 850].)