[Crim. No. 7310.   In Bank.   May 21, 1963.]

In re RAYMOND G. ZORN on Habeas Corpus.

Earl Klein, under appointment by the Supreme Court, for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and Charles W. Sullivan, Deputy City Attorney, for Respondent.

McCOMB, J.—Petitioner (hereinafter referred to as defendant'') seeks a writ of habeas corpus, claiming that he is being illegally restrained of his liberty by the Chief of Police of the City of Los Angeles.

*Facts*: Defendant entered a plea of guilty on July 16, 1962, to violating section 41.27(a) of the Los Angeles Municipal Code,* in that he did wilfully and unlawfully appear in a state of intoxication in a public place open to public view.

■ This is the sole question necessary for us to determine: *Has the state adopted a general scheme for the regulation of the criminal aspects of being intoxicated in a public place?*

*Yes.* ■ A municipal ordinance is invalid if it attempts to impose additional requirements in a field that has been preempted by the general law. (*In re Koehne, ante*, pp. 646, 648 [2]; [30 Cal.Rptr. 809, 381 P.2d 633]; *In re Moss*, 58 Cal.2d 117, 118 [2] [23 Cal.Rptr. 361, 373 P.2d 425].)

■ Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned. (*In re Koehne, supra*, at p. 648 [3]; *In re Moss, supra*, at p. 118 [3].)

■ In determining whether the Legislature intended to occupy a particular field to the exclusion of all local regulation, we may look to the '' 'whole purpose and scope of the legislative scheme' '' and are not required to find such an intent solely in the language used in the statute. (*In re Koehne, supra*, at p. 648 [4]; *In re Moss, supra*, at p. 118 [4].)

At the time of the commission of the alleged offense in the present case, section 647, subdivision (f), of the Penal Code

*Section 41.27(a) reads: ''No person shall be or appear in a state of drunkenness or intoxication upon any public street, sidewalk, highway or alley or in any public park, or in any railroad depot or bus station, or in any public place, or in any place open to the patronage of the public, or in any place open to public view, or in or upon any building or premises or portion thereof which is owned or occupied by any municipality or by any department office thereof, or by any other government or governmental agency or instrumentality, and devoted to any public or governmental use or to the performance of any official business or function, including any premises occupied by the Federal Government but not under the exclusive jurisdiction thereof.''

provided that a person was guilty of a misdemeanor if he was "found in any public place under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, in such a condition that he is unable to exercise care for his own safety or the safety of others, or by reason of his being under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, interferes with or obstructs or prevents the free use of any street, sidewalk or other public way."

The language of section 647, subdivision (f), of the Penal Code shows that the state had occupied the field with regard to the criminal aspects of being intoxicated in a public place.

There is likewise no merit in the contention that since petitioner was drunk in a barber shop, it was not a public place, for the reason that "public" has been defined as " 'Common to all or many; general; open to common use,' " and " 'Open to common, or general use, participation, enjoyment, etc.; as, a *public* place, tax, or meeting.' " (*Gardner* v. *Vic Tanny Compton, Inc.*, 182 Cal.App.2d 506, 510 [4] [6 Cal. Rptr. 490, 87 A.L.R.2d 113] ; *In re Koehne, supra,* at p. 649 [5] ; cf. *Darius* v. *Apostolos,* 68 Colo. 323 [190 P. 510, 511 [2, 3], 10 A.L.R. 986].) Clearly, therefore, under the foregoing definitions a barber shop is a public place. Accordingly, a city ordinance attempting to make certain acts pertaining to intoxication in a public place criminal is in conflict with state law and is void.

Defendant is discharged from custody in the instant action.

Gibson, C.J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.