[Crim. No. 7286.   In Bank.   May 21, 1963.]

In re RUDOLPH KOEHNE on Habeas Corpus.

Rudolph Koehne, in pro. per., and Earl Klein, under appointment by the Supreme Court, for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, Wm. E. Doran and Charles W. Sullivan, Deputy City Attorneys, for Respondent.

McCOMB, J.—Petitioner (hereinafter referred to as "defendant") seeks a writ of habeas corpus, claiming that he is being illegally restrained of his liberty by the Chief of Police of the City of Los Angeles.

*Facts*: Defendant was convicted of violating section 41.27-(a) of the Los Angeles Municipal Code, which provides in part: "No person *shall be or appear in a state of drunkenness or intoxication* upon any public street, sidewalk, highway or alley or in any public park, or in any railroad depot or bus station, *or in any public place,* or in any place open to the patronage of the public, *or in any place open to public view,* or in or upon any building or premises or portion thereof which is owned or occupied by any municipality or by any department office thereof, or by any other government or governmental agency or instrumentality, and devoted to any public or governmental use or to the performance of any official business or function, including any premises occupied by the Federal Government but not under the exclusive jurisdiction thereof." (Italics added.)

■ This is the sole question necessary for us to determine: *Has the state adopted a general scheme for the regulation of the criminal aspects of being intoxicated in a public place?*

*Yes.* ■ A municipal ordinance is invalid if it attempts to impose additional requirements in a field that has been preempted by the general law. (*In re Moss,* 58 Cal.2d 117, 118 [2] [23 Cal.Rptr. 361, 373 P.2d 425].)

■ Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned. (*In re Moss, supra,* at p. 118 [3].)

■ In determining whether the Legislature intended to occupy a particular field to the exclusion of all local regulation, we may look to the " 'whole purpose and scope of the legislative scheme' " and are not required to find such an intent solely in the language used in the statute. (*In re Moss, supra,* at p. 118 [4].)

■ Section 647, subdivision (f), of the Penal Code provides that a person is guilty of a misdemeanor if he is "found in any public place under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, in such a condition that he is unable to exercise care for his own safety or the safety of others, or by reason of his being under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, interferes with or obstructs or prevents the free use of any street, sidewalk or other public way."

Following the decision in *In re Newbern,* 53 Cal.2d 786 [3 Cal.Rptr. 364, 350 P.2d 116], which declared the state "common-drunk" law unconstitutionally vague, the Legislature undertook to revise former Penal Code section 647, which concerned vagrancy, drunkenness, and similar misdemeanors.

The matter was considered in detail by the Assembly Interim Committee on Criminal Procedure. The committee recommended that the conduct proscribed by section 647 be labeled "disorderly conduct" instead of "vagrancy," and that the individual misdemeanors be redefined in terms of acts instead of status (e.g., "engages in any act of prostitution" instead of "common prostitute").

With regard to subdivision (f), the committee quoted Professor Sherry, the draftsman of the bill, to the effect that:

"This provision . . . would fill the gap left by the decision in *Newbern* by providing a uniform, definite standard for police control of the public drunk who is a nuisance to others and a danger to himself." (Assembly Interim Committee Reports 1959-61, Vol. 22, No. 1, p. 19.)

In view of the language of section 647, subdivision (f), of the Penal Code and the circumstances surrounding its enactment, it is clear that the Legislature intended to preempt the field.

■ Defendant was found lying in an intoxicated condition, partially behind some rubbish cans, on a private driveway exposed to public view. Respondent argues that such a place is not a "public place," within the meaning of section 647, subdivision (f) of the Penal Code, and that it was therefore proper to prosecute him under the city ordinance.

It is immaterial for us to decide here whether such a driveway is a "public place," within the meaning of section 647, subdivision (f), of the Penal Code, because, in any event, it is a "place . . . exposed to public view"; and the Legislature has by implication provided that intoxication in a place which is not a public place but is exposed to public view should not be criminal. This follows from the fact that in subdivision (a) of section 647 of the Penal Code, enacted at the same time as subdivision (f) of that section, the Legislature specifically prohibited "lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view," and in subdivision (c) prohibited begging in "any public place or in any place open to the public," and then in subdivision (f) prohibited intoxication only in a "public place." (Cf. *In re Lane*, 58 Cal.2d 99, 104 [22 Cal.Rptr. 857, 373 P.2d 897].)

■ Accordingly, a city ordinance attempting to make certain acts pertaining to intoxication in a public place criminal is in conflict with the state law and is void.

Defendant is discharged from custody in this case.

Gibson, C.J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.