[Civ. No. 28146.   Second Dist., Div. Four.   April 21, 1964.]

PAUL GRANT GLEASON, Petitioner, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT, Respondent; THE PEOPLE, Real Party in Interest.

Litwin & Barouh and Louis L. Litwin for Petitioner.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and John F. Haggerty, Deputy City Attorney, for Respondent and Real Party in Interest.

BURKE, P. J.—Petitioner seeks a writ of prohibition restraining the Municipal Court of the City of Los Angeles from prosecuting petitioner for violation of section 41.18 (b) of the Los Angeles Municipal Code, a loitering ordinance, contending such ordinance is invalid in that the State of California, by the provisions of Penal Code section 647, has preempted the field encompassing loitering offenses. The two sections are set forth in the footnote.[1]

---

[1]Municipal Ordinance section 41.18(b):

"No person shall loiter in any tunnel, pedestrian subway, or on any bridge overpass, or at or near the entrance thereto or exit therefrom, or at or near any abutment or retaining wall adjacent to such entrance or exit, or any retaining wall or abutment adjacent to any freeway, street or highway open and used for vehicular traffic, or adjacent to that portion thereof used for vehicular traffic, or any public property in the proximity of such bridge, overpass, or retaining wall or abutment."

Penal Code section 647:

"Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor:

"(a) Who solicits anyone to engage in or who engages in lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view.

"(b) Who solicits or who engages in any act of prostitution.

"(c) Who accosts other persons in any public place or in any place open to the public for the purpose of begging or soliciting alms.

"(d) Who loiters in or about any toilet open to the public for the purpose of engaging in or soliciting any lewd or lascivious or any unlawful act.

"(e) Who loiters or wanders upon the streets or from place to place

Petitioner was arrested for loitering in a pedestrian tunnel and filed a demurrer to the charge; briefs were filed, the matter submitted, and on February 7, 1964, petitioner was notified the demurrer was overruled and he was ordered to plead on or before February 17, 1964. Thereupon, he filed his petition for a writ of prohibition seeking to foreclose further proceedings in the case.

The Supreme Court of the State of California has considered the subject of preemption at length in *In re Lane*, 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897], and repetition of its holdings therein is unnecessary here. ▮ In *Abbott* v. *City of Los Angeles*, 53 Cal.2d 674, 683 [3 Cal.Rptr. 158, 349 P.2d 974, 82 A.L.R.2d 385], the court recognizes that there can be supplementary regulation in a field which general laws already cover. (See also *Hunter* v. *Adams*, 180 Cal.App. 2d 511, 518 [4 Cal.Rptr. 776].) ▮ For preemption there should be either (1) total absorption of the legislative scheme (*In re Moss*, 58 Cal.2d 117 [23 Cal.Rptr. 361, 373 P.2d 425]), or (2) an extended body of statutes manifesting the legislative intent that a general scheme was intended for the field (*In re Lane, supra*, 58 Cal.2d 99). ▮ Whether preemption obtains is a question of legislative intent.

▮ It is evident that the Legislature did not intend to occupy the entire field of loitering and preclude local legislation thereon. There is no extended body of state legislation

without apparent reason or business and who refuses to identify himself and to account for his presence when requested by any peace officer so to do, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification.

"(f) Who is found in any public place under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, in such a condition that he is unable to exercise care for his own safety or the safety of others, or by reason of his being under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, interferes with or obstructs or prevents the free use of any street, sidewalk or other public way.

"(g) Who loiters, prowls or wanders upon the private property of another, in the nighttime, without visible or lawful business with the owner or occupant thereof; or who, while loitering, prowling or wandering upon the private property of another, in the nighttime, peeks in the door or window of any inhabited building or structure located thereon, without visible or lawful business with the owner or occupant thereof.

"(h) Who lodges in any building, structure or place, whether public or private, without the permission of the owner or person entitled to the possession or in control thereof." (Added Stats. 1961, ch. 560, p. 1672, § 2.)

presented, and Penal Code section 647 is limited in its terms and applications. The only subdivisions of Penal Code section 647 dealing with loitering are (d) loitering about public toilets, (e) common vagrancy, and (g) loitering or prowling on private property at night. Subdivision (e) uses the terminology ". . . upon the streets or from place to place without apparent reason. . . ." Section 647a, subdivision (2), proscribes loitering about any school or public place where children normally congregate. These Penal Code sections make no mention of loitering in tunnels, pedestrian subways or bridge overpasses, unless we interpret the words "from place to place" in subdivision (e) to be all-encompassing. Had this been the intent of the Legislature, it would have been unnecessary for it to enact subdivisions (d) and (g).

The kind of problem intended to be confronted and remedied by section 41.18 (b) of the Municipal Code is not common to the state generally but is more peculiar to centers of population where pedestrian tunnels and subways are provided for school children and others. In such places persons may lurk to annoy or molest women and children and solicit or rob pedestrians, or degenerates may indulge in exhibitionism or other lewd conduct, or others may seek to use such facilities as toilets or for shelter. The mere "loitering" in such a place carries with it an inference that the "loiterer" is there for no good. It is common knowledge that these are places which are either partially or wholly obscured from public view, except as to those normally using such facilities. Thus, users are exposed to being trapped therein with the likelihood that shouts or cries for help would be drowned by the din of the nearby flow of vehicular traffic. Loitering in such places can have a sinister connotation implying evil purposes.

Section 21109 of the Vehicle Code specifically provides that local authorities may adopt regulations concerning pedestrian traffic in subways, tubes, and tunnels or upon bridges or viaducts, requiring the posting of notice therefor. However, we consider the intent of the section to be directed primarily to the aspect of pedestrian traffic as it relates to vehicular traffic and as not being contemplative of crimes of the loitering or molesting type.

The city may enact and enforce ordinances within its police power which are not in conflict with general laws (Cal. Const., art. XI, § 11). There is no conflict between the Penal Code sections and the city ordinance; the latter supplements

the state legislation in a field which we consider the Legislature did not intend to preempt. The nullification of such a municipal regulation, directed as it is in plain and unequivocal terms against such potentially dangerous loitering, would greatly impair the protection of public safety, particularly as it relates to those in greatest need of such protection.

The alternative writ is discharged and the writ of prohibition is denied.

Jefferson, J., and Kingsley, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 16, 1964.