[Crim. No. 9956.   Second Dist., Div. One.   July 6, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. GLORIA POW-ELL DeYOUNG, Defendant and Respondent.

Stanley T. Tomlinson, City Attorney (Santa Barbara), and Kenneth R. Nuss, Assistant City Attorney, for Plaintiff and Appellant.

Daniel Schnabel, Crawford, Schwartz, Wood & Otero and Jack O. Otero for Defendant and Respondent.

KINCAID, J. pro tem.*—The People of the State of California, plaintiff and appellant, having filed application, and the Appellate Department of the Superior Court of Santa Barbara County, pursuant to the provisions of rules 62 and 63, California Rules of Court, article VI, section 4e, of the Constitution, and section 988t of the Code of Civil Procedure of the State of California, having certified to the effect that a transfer of the appeal in the above entitled action to

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

the District Court of Appeal appears necessary to settle a new and important question of law; and good cause appearing therefor, the said appeal being from the Municipal Court of the Santa Barbara Judicial District in and for the County of Santa Barbara, No. 71069, by order duly made, was transferred to the District Court of Appeal, Second Appellate District, Division One.

Plaintiff appeals herein from a judgment, after demurrer, dismissing a criminal complaint which accused the respondent of violation of section 32.11 of the City Code of Santa Barbara in that "said defendant on or about the 10 day of November, 1963, in the City of Santa Barbara, ... did wilfully then and there appear on private premises in a state of intoxication to the annoyance of another person...."

The judgment of the appellate department was filed April 13, 1964, affirming the judgment of dismissal made by the judge of the municipal court on December 16, 1963.

Section 32.11 of the City Code of Santa Barbara provides: "No person shall be upon any public street, or in any public place in a state of drunkenness or intoxication, and no person shall be on any private premises or in any private house in a state of drunkenness or intoxication to the annoyance of any other person."

The respondent, at the time of her arrest, was intoxicated in the presence of her children within the confines of the private home of her husband from whom she was separated. He complained that her presence in his home in her state of intoxication annoyed him.

This is the sole question necessary for us to determine: *Has the state adopted a general scheme for the regulation of the criminal aspects of being intoxicated?* It is our conclusion that the answer is yes.

In a series of cases our Supreme Court has set forth the governing principles here applicable. (*In re Lane,* 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897]; *In re Moss,* 58 Cal.2d 117 [23 Cal.Rptr. 361, 373 P.2d 425]; *In re Koehne,* 59 Cal. 2d 646 [30 Cal.Rptr. 809, 381 P.2d 633]; *In re Zorn,* 59 Cal.2d 650 [30 Cal.Rptr. 811, 381 P.2d 635]; and *People* v. *Lopez,* 59 Cal.2d 653 [30 Cal.Rptr. 813, 381 P.2d 637].)

As said in *In re Zorn,* 59 Cal.2d 650, 651 [30 Cal. Rptr. 811, 381 P.2d 635]: "A municipal ordinance is invalid if it attempts to impose additional requirements in a field that has been preempted by the general law. (*In re Koehne,* 59 Cal.2d 646, 648 [2] [30 Cal.Rptr. 809, 381 P.2d 633]; *In*

334

*re Moss,* 58 Cal.2d 117, 118 [2] [23 Cal.Rptr. 361, 373 P.2d 425].)

     ■ "Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned. (*In re Koehne, supra,* at p. 648 [3]; *In re Moss, supra,* at p. 118 [3].)

     ■ "In determining whether the Legislature intended to occupy a particular field to the exclusion of all local regulation, we may look to the ' "whole purpose and scope of the legislative scheme" ' and are not required to find such an intent solely in the language used in the statute. (*In re Koehne, supra,* at p. 648 [4]; *In re Moss, supra,* at p. 118 [4].)"

Legislative enactments covering the criminal aspects of intoxication are found in several of the codes and are so extensive in their scope that they clearly show an intention by the Legislature to adopt a general scheme for the regulation of this subject. Pertinent code sections relating thereto are: Penal Code, sections 273g (habitually drunk in the presence of any child in his custody); 367d (driving a motor vehicle while intoxicated); 367e (causing injury to a person by reason of driving a motor vehicle while intoxicated); 397 (selling intoxicating liquors to any habitual or common drunkard or insane person); 647, subdivision (f) (intoxicated in a public place). Vehicle Code, sections 21958 (intoxicated pedestrian walking upon a roadway); 23101 (driving vehicle while intoxicated causing injury to person); 23102 (driving vehicle while intoxicated); 23121 (drinking intoxicants in a motor vehicle upon a highway); 23122 (possession of alcoholic liquor in an opened container in a privately owned motor vehicle upon a highway); 23123 (storage in a privately owned motor vehicle upon a highway of liquor in an opened container). Probate Code, section 401 (intoxication will disqualify an estate representative). Business and Professions Code, section 25608 (prohibits consumption of intoxicants in a public school or on school grounds). Labor Code, section 1639 (intoxicated persons not permitted to frequent labor agencies). Fish and Game Code, section 3001 (prohibits taking of birds or mammals with firearms or bow and arrow when intoxicated). Government Code, sections 3001 (proscribes intoxication by public officers); 19572 (intoxication on duty of civil service employee a ground for

discipline). Welfare and Institutions Code, sections 5400-5408 (provides program for arrest, commitment, care, treatment and probation of chronic dipsomaniacs and inebriates). Health and Safety Code, sections 427-427.5 (provides program for rehabilitation of alcoholics).

Subsequent to the decision in *In re Newbern*, 53 Cal.2d 786 [3 Cal.Rptr. 364, 350 P.2d 116] which declared the state "common-drunk" law unconstitutionally vague, the Legislature conducted a study toward revising former Penal Code section 647, which concerned certain misdemeanors including vagrancy and drunkenness. (*In re Koehne, supra*, 59 Cal.2d 646, 648.) A new section 647 of the Penal Code was thereupon adopted (added Stats. 1961, ch. 560, p. 1672, § 2) classifying some eight acts as disorderly conduct, a misdemeanor.

Subdivision (f) of section 647, Penal Code, provides that a person is guilty of such a crime if he is "found in any public place under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, in such a condition that he is unable to exercise care for his own safety or the safety of others, or by reason of his being under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, interferes with or obstructs or prevents the free use of any street, sidewalk or other public way."

It is now clear that, from the numerous legislative enactments heretofore cited regulating the criminal aspects of intoxication, and particularly in view of the language of section 647, subdivision (f), of the Penal Code, taken with the circumstances of its enactment and the decisions of the Supreme Court heretofore cited, the Legislature has determined by implication that it intended to preempt the field for the regulation of the criminal aspects of being intoxicated, both in public and private places.

Appellant concedes that, by the enactment of section 647, subdivision (f), of the Penal Code, the Legislature has clearly preempted the field of criminal intoxication in a public place and therefore the first clause of section 32.11 of the City Code of Santa Barbara which reads: "No person shall be upon any public street or in any public place in a state of drunkenness or intoxication, ..." is now invalid and unenforceable. It is contended however that the remainder of said section: " ... and no person shall be on any private premises or in any private house in a state of drunkenness or intoxication to the annoyance of any other person," remains

a valid enactment by the municipality not in conflict with any general scheme adopted by the Legislature for the regulation of criminal intoxication.

A somewhat similar argument was advanced in *In re Koehne, supra,* 59 Cal.2d 646, 649. There the defendant was found lying in an intoxicated condition, partially behind some rubbish cans, on a private driveway but exposed to public view. The municipal ordinance under which defendant was charged provided that no person shall be or appear in a state of intoxication upon any public street or in any place open to public view. It was contended by the city that a private driveway, even though exposed to public view, is not a "public place" within the meaning of section 647, subdivision (f), of the Penal Code, and that it was therefore proper to prosecute him under its ordinance. In its judgment discharging the defendant from custody the court said: " . . . the Legislature has by implication provided that intoxication in a place which is not a public place but is exposed to public view should not be criminal. This follows from the fact that in subdivision (a) of section 647 of the Penal Code, enacted at the same time as subdivision (f) of that section, the Legislature specifically prohibited 'lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view,' and in subdivision (c) prohibited begging in 'any public place or in any place open to the public,' and then in subdivision (f) prohibited intoxication only in a 'public place.' (Cf. *In re Lane,* 58 Cal.2d 99, 104 [22 Cal. Rptr. 857, 373 P.2d 897].)"

That the Legislature, by its enactment of the many sections of the various codes above cited, several of which deal with intoxication on private as well as public property, and particularly of section 647, subdivision (f), of the Penal Code, intended to occupy the entire field of criminal intoxication, both in public and private places, is further shown by subdivisions (g) and (h) of section 647, Penal Code. Subdivision (g) of that section proscribes one who "loiters, prowls, or wanders upon the *public property* of another, in the nighttime, . . . or who, while loitering, prowling or wandering upon the *private property* of another, . . . peeks in the door or window. . . ." Subdivision (h) of that section proscribes one who "lodges in any building, structure or place, whether public or *private,* without the permission of the owner. . . ." (Italics added.) ▮ By the use of the words "private property" and "public or private" in subdivi-

sions (g) or (h) of section 647 of the Penal Code these words were, by implication, purposely omitted by the Legislature from subdivision (f) of that section with the result that it has seen fit to adopt a general scheme for the regulation of criminal intoxication and that intoxication only in any public place is criminal.

The same conclusion was reached by the Municipal Court of the Los Angeles Judicial District in the case of *People* v. *George Albert Rogers,* No. D-368911. There the defendant was charged with violating section 41.27 (b) of the Los Angeles Municipal Code which is in the exact language of the section (32.11) of the City Code of Santa Barbara here in question. The complaint alleged that he was in a state of drunkenness and intoxication upon private premises and in a private home, and in a place which was not a public place and a place not open to the public or exposed to public view, to the annoyance of another person. Demurrer to the complaint was filed by the defendant and the case was dismissed upon the ground that a criminal offense had not been alleged in that the state by the general law had preempted the field of criminal intoxication. The judgment was thereupon appealed to the Appellate Department of the Superior Court in and for the County of Los Angeles. On September 13, 1963, that court filed its judgment of dismissal, without written opinion. (No. CR 5483.)

We conclude that section 32.11 of the City Code of Santa Barbara is invalid. The judgment of dismissal is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.