[Crim. No. 11953.   Second Dist., Div. Four.   July 26, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. SIMONS JEAN ROCK BELANGER, Defendant and Appellant.

Harvey S. Krieger for Defendant and Appellant.

Evelle J. Younger, District Attorney, Harry Wood and Donald J. Kaplan, Deputy District Attorneys, for Plaintiff and Respondent.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and Michael T. Sauer, Deputy City Attorney, as Amici Curiae on behalf of Plaintiff and Respondent.

CHANTRY, J. pro tem.*—In a complaint filed in the Municipal Court of the El Monte Judicial District, County of Los Angeles, appellant was charged with a violation of section 647, subdivision (f), of the Penal Code, in that he was "found in a public place, in auto and was therein willfully and unlawfully under the influence of intoxicating liquor in such a condition that he was unable to exercise care for his own safety and the safety of others." A demurrer to the complaint was overruled, and on November 24, 1965, appellant was found guilty as charged. In the interest of settling an important question of law, the case was transferred to this court for hearing and further decision. (Cal. Rules of Court, rules 62, 63.)

Section 647, Penal Code, provides in pertinent part as follows: "Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor: . . . (f) Who is found in any public place under the influence of intoxicating liquor . . . in such a condition that he is unable

---

*Assigned by the Chairman of the Judicial Council.

to exercise care for his own safety or the safety of others. . . ."

The arresting officer testified that he was dispatched to investigate a case of drunk in auto; that upon arriving at the scene he observed the appellant stretched out and apparently asleep in the front seat of his automobile which was lawfully parked with the ignition off along the curb of Valley Boulevard in the City of Rosemead; there were five or six other persons in the area behind a large plate glass window in the ice cream parlor; that after awakening the defendant with difficulty and asking him to step outside of his automobile, he formed the opinion that the appellant was drunk and unable to properly care for himself or his own safety, based upon the strong odor of alcohol on his breath, his bloodshot eyes, the fact that he was unsteady on his feet, his face was flushed, and his speech slurred.

· The sole question presented to this court is whether appellant was found "in any public place" within the meaning of the statute. Appellant contends that there has been no violation of the statute in that "an automobile is not a public place." He also contends that since he was not in a public place, he cannot be criminally prosecuted, relying upon *In re Koehne*, 59 Cal.2d 646, 649 [30 Cal.Rptr. 809, 381 P.2d 633], wherein the Supreme Court, speaking of section 647, subdivision (f), stated that "the Legislature has by implication provided that intoxication in a place which is not a public place but is exposed to public view should not be criminal."

Under the "public drunkenness" statutes of some of the states it has been held that exposure to public view may be a violation of the particular statute involved (see 28 C.J.S., Drunkards, § 14, subd. (b), p. 561), and one court, in applying a disorderly conduct statute which provided that "If any person behaves in a riotous or disorderly manner in any street, highway, public building, or any other public place . . . he shall be guilty of a misdemeanor," adopted a dictionary definition of "public place" as " 'Any place so situated that what passes there can be seen by any considerable number of persons, if they happen to look.' " (*Hackney* v. *Commonwealth,* 186 Va. 888 [45 S.E.2d 241, 242, 243].) In California the Legislature has provided that certain acts shall constitute disorderly conduct whether in a public place or "in any place open to the public or exposed to public view" (Pen. Code, § 647, subds. (a), (c); see also Pen. Code, § 415 under which one may disturb the peace although the conduct is not in a

public place).  ██  It is settled, however, that under sub-division (f) of section 647, the offender must be physically present in a public place. (*In re Koehne, supra; People* v. *DeYoung,* 228 Cal.App.2d 331, 337 [39 Cal.Rptr. 487].)

██  It is therefore immaterial whether appellant was exposed to public view in the instant case. It is likewise imma-terial whether appellant's conduct was such as to interfere with or obstruct or prevent the free use of any street, sidewalk or other public way (Pen. Code, § 647, subd. (f)), since he was not charged with or convicted of violating that portion of the statute. The charge herein is with being drunk in a "public place" and, in our opinion, one sitting in an automo-bile upon the street is in a public place as contemplated by the statute.

██  We think it is obvious that public streets and high-ways are public places (Veh. Code, §§ 360, 590), and a parking strip, comprising the portion of a paved city street adjacent to the curb, is a part of the street (*Shachunazarian* v. *Widmer,* 159 Cal.App.2d 180, 184 [323 P.2d 865]). "A public place has been defined to be a place where the public has a right to go and to be, and includes public streets. roads, highways, and sidewalks . . . ." (28 C.J.S., § 14, p. 560.) "One definition of 'public' given by Webster is 'Open to common, or general use, participation, enjoyment, etc.; as, a *public* place, tax, or meeting. Specif.: *a* Open to the free and unrestricted use of the public; as, a *public* park or road. . . .' " (*Gardner* v. *Vic Tanney Compton, Inc.,* 182 Cal. App.2d 506, 510-511 [6 Cal.Rptr. 490, 87 A.L.R.2d 113]. See also *In re Zorn,* 59 Cal.2d 650, 652 [30 Cal.Rptr. 811, 381 P.2d 635].) In *Byrom* v. *State,* 126 Tex. Crim. Rep. 640 [73 S.W.2d 854], the court states: "That a street is a public place, within the meaning of the present statute, and that the averment that the offense was committed in a public place would be met by proof that it was upon a public street or highway is affirmed by the opinion of this court in the case of *Jones* v. *State,* 60 Tex. Crim. Rep. 56 [130 S.W. 1001]. From Words & Phrases, First Series, vol. 6, p. 5809, the following statement is taken: 'A public place, as used in Acts 1875, § 11, providing for the punishment of any person found in a public place in a state of intoxication, is a place where all persons are entitled to be. A public street, highway, and sidewalk is a public place, within the meaning of the statute. [Citations.] ' "

Certainly, if appellant had been found in the state of

intoxication indicated standing, walking,* sitting or lying upon the street, it could not be contended that such conduct was not a violation of the statute. Does the automobile, in which appellant was sitting, create insulation so as to prevent his presence in a public place? We think not. California courts, although not having had the question specifically presented to them, have impliedly held that presence in a parked automobile, under the conditions specified in section 647, subdivision (f), is presence in a public place and constitutes violation of said section. In *Mardis* v. *Superior Court,* 218 Cal.App.2d 70, 75 [32 Cal.Rptr. 263], defendant was found asleep and in an apparently intoxicated condition in the back seat of a car parked at the side of a highway. The court states that the officer "had reasonable and probable cause to arrest the defendant for an offense being committed in his presence, namely, 'disorderly conduct,' by being found in a public place under the influence of intoxicating liquor '. . . in such a condition that he is unable to exercise care for his own safety or the safety of others . . . ' (Pen. Code, § 837, subd. 1; Pen. Code, § 647, subd. (f).)" Similarly, in *People* v. *Pearsall,* 216 Cal.App.2d 196 [30 Cal.Rptr. 777], a police officer saw the defendant sitting in the left front seat of an automobile which was parked in front of a liquor saloon. He aroused defendant by tapping on the car window, and then asked him to step to the sidewalk. Defendant went there, and the officer observed that his condition was stuporous, his eyes were bloodshot, and there was an odor of alcoholic beverage on his breath. The officer, after forming the opinion that defendant was drunk and unable to care for himself, placed him under arrest for violating section 647, subdivision (f). A search was upheld as incident to lawful arrest.

In *People* v. *Robinson,* 62 Cal.2d 889 [44 Cal.Rptr. 762, 402 P.2d 834], the officers received a call from the police station to the effect that two men in a car were drunk; they located the car and followed it for several blocks, observing that it was proceeding in a wobbling manner. The officers stopped the car and, upon investigation, observed that the two men were apparently intoxicated. The court states (p. 894) that "Since defendant [the passenger] and the driver of the car were intoxicated, their arrests were lawful. (Veh. Code, § 23102; Pen. Code, § 647, subd. (f) ; Pen. Code, § 836, subd. 1.)"

---

*We do not determine whether such conduct would subject a person to prosecution under Vehicle Code, section 21958, rather than under section 647, subdivision (f) of the Penal Code. (See *People* v. *Lewis,* 4 Cal. App.2d Supp. 775 [37 P.2d 752].)

In the above cases the question was whether there was probable cause for the arrest in order to justify a search made as an incident thereto. The clear import of the decisions is that an intoxicated person found in a vehicle parked upon a public street or highway is in a "public place." Were it otherwise, the officers would not have been justified in making an arrest, without a warrant, based upon "reasonable cause to believe that the person to be arrested has committed a public offense in his presence." (Pen. Code, § 836, subd. 1.)

Courts in other jurisdictions have specifically determined the question here involved in the affirmative.

*Walker* v. *State,* 171 Tex. Crim. Rep. 379 [350 S.W.2d 561]. The sheriff found the appellant asleep in his automobile in the ditch along U.S. Highway 190; appellant smelled of alcoholic beverages, spoke unusually loud, was very unsteady on his feet and was, in the opinion of the sheriff, intoxicated. Appellant contended that the evidence was insufficient to sustain a conviction in that it showed that he was not in a public place. The court states, page 563 [350 S.W.2d] : "This Court has held that public streets and highways are public places . . . and we find the evidence sufficient to sustain the conviction in this case."

*Thompson* v. *State,* 153 Miss. 593 [121 So. 275]. Appellants were found in a car on a public highway by a sheriff. Evidence for the state was to the effect that appellants were all drunk, driving their car on the public highway in the presence of the officers, who made the arrest for violation of a statute which prohibited drunkenness in a public place. In upholding the judgment of conviction, the court held that under this statute, "drunkenness in a public place is denounced as a crime. Drunkenness on a public highway, without a doubt, is drunkenness in a public place, in the sense of the statute. Appellants were arrested while in an automobile where the intoxicating liquor was found." (P. 277 [121 So.].)

*Berry* v. *City of Springdale,* 238 Ark. 328 [381 S.W.2d 745]. In this case the arresting officer observed appellant's truck stopped near the regular driving portion of highway number 71 in Springdale; upon making examination, he found appellant apparently asleep in the cab of the truck, and when the officer opened the door, appellant almost fell out. The officer testified that he caught appellant to prevent his falling to the ground; that appellant could not stand on his feet; that he could smell the odor of alcohol. Judgment of guilty of public drunkenness was upheld on appeal. The statute involved

provided that "if any person shall be drunk or intoxicated in any public place . . . he shall be guilty of a misdemeanor. . . ." The question before the court was "whether one sitting in a motor vehicle ten to twenty-five feet from the traveled portion of the highway is in a 'public place' as contemplated by the statute." (Pp. 746-747 [381 S.W.2d].) The court states, page 747 [381 S.W.2d] : "Under sound logic, as well as construction by other courts of statutes similar to our own, we have concluded that the answer to the above question is 'yes.' . . . Certainly, Berry [the defendant] was not found in a private locality, and if he had been walking (or lying) alongside the highway at the same distance, no difficult question would be presented." The court also had this to say : "While we consider that the primary purpose of the statute against public drunkenness is to prevent annoyance to other members of the general public, the statute likewise serves as a protection to the offender himself. Here, Berry was asleep, with the motor of the truck running and the window glass up. It is common knowledge that under similar circumstances many persons have been asphyxiated when the exhaust system or heater of the vehicle was defective. . . . We think the recited testimony was sufficient to enable the trial court to find that Berry's offense was committed 'in a public place.' "

*Rothrock* v. *State,* 89 Okla. Crim. 262 [206 P.2d 1009]. Police officers testified that they observed an automobile on the streets of Ponca City, weaving from one side of the street to the other, and followed the car several blocks before stopping it. As the officers walked up to the car, one of the three occupants poured out a part of a bottle of whiskey. When defendant, a passenger, got out of the car he was "very drunk." Defendant was charged with the offense of being drunk in a public place, was tried and found guilty. Upon appeal defendant contended that "Evidence proving defendant intoxicated while passenger in a private automobile and not creating any disturbance is not sufficient to convict person charged with being intoxicated in a public place." Defendant attempted to distinguish between being drunk or intoxicated "in" a public or private road, and "on" a public or private road, arguing that a person in a vehicle may be "on" the street, but not "in" the street. In affirming the judgment, the court states at page 1010 [206 P.2d] : "From a reading of the statute it will be noted that it is a violation of the same for one to be drunk in numerous places, including any 'public' place; and, also 'if any person shall be drunk or intoxicated, and shall disturb the peace of anyone.' The charge in the instant case is with being

drunk in a 'public place,' which is an offense under the statute. There was no evidence of a disturbance of the peace, and it was unnecessary to make this proof under the charge. It was sufficient to prove that defendant was drunk in a 'public place.' The fact that defendant was in a private automobile would not be a defense under the above statute where the evidence revealed that he was upon the public streets of the city of Ponca City. The argument that a person may be 'on' the street, but not 'in' the street is very technical, and does not appeal to the court." (See also *Stateham* v. *State*, 95 Okla. Crim. 232 [243 P.2d 743], and *Deskin* v. *State*, 94 Okla. Crim. 107 [230 P.2d 939], in which an intoxicated passenger riding in an automobile driven by another person upon the public highway was held to be drunk in a "public place.")

In *Mardis* v. *Superior Court*, 218 Cal.App.2d 70, 73 [32 Cal.Rptr. 263] (facts are stated, *supra*), the court makes these observations: "Motor vehicle patrol officers have important and specialized duties to perform for the preservation of the peace and quiet of the state and the well-being of thousands of travelers. They must act legally but also rapidly in order to carry out their assigned tasks. The people with whom they deal usually move very quickly over many miles of highway. Occasions arise for the rendering of aid of various kinds to motorists. In order to promote maximum safety for all users of the highways, the laws must be enforced, sometimes in unusual situations and under grave difficulties. There are many offenses and crimes which make themselves evident in addition to the offenses particularly relating to the operation of vehicles, and the general situation that presents itself by virtue of the mass movement of humanity on the roadways must be properly considered in applying basic criteria to the multiform situations which arise by virtue of the grafting of the automobile complex to our previously relatively quiet life.

"The thought that necessarily must have activated Officer Banks in the performance of his duties in this case was the protection of the traveling public from the possibility of a drunken driver resuming his use of the highways." Further, at page 74: "A drunken driver is a serious menace to the safety of others using the highway, and a highway patrolman who would omit to make a proper investigation of the circumstances which were evident here would be remiss in his duty. In order to determine the condition of the occupant, as well as his right to the vehicle, the officer had the authority to open the car door, and when he did so, the strong odor of intoxi-

cants which met his nostrils gave him the additional right and duty to complete his investigation." ██ Having made the investigation, we do not believe the officer is obliged to simply walk away and leave this person—who is "in such a condition that he is unable to exercise care for his own safety or the safety of others," to his own devices and whims.

██ The language of section 647, subdivision (f), clearly indicates that its purpose is to protect the offender himself from the results of his own folly, as well as to protect the general public from the dangers and evils attendant upon the presence of such persons upon the streets and highways and in other public places. We think that a reasonable and common sense view of the evil at which the statute is directed and the protection which it is designed to afford compels the conclusion that a person in an automobile parked on a public street is in a "public place" as contemplated by section 647, subdivision (f).

The judgment of the municipal court in case number D 10663 is affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 28, 1966. Peters, J., was of the opinion that the petition should be granted.