[Crim. No. 37929. Second Dist., Div. Five. Mar. 9, 1981.]

In re DAVID W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DAVID W., Defendant and Appellant.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, George Quevedo and John Hamilton Scott, Deputy Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—Pursuant to Welfare and Institutions Code section 602 the juvenile court found that appellant, a 15 year old, violated Penal Code section 647, subdivision (f), and placed appellant home on probation on various conditions.[1]

On February 6, 1980, Burbank Police Officers Bonnar and Stehr responded to a radio call concerning a juvenile possibly under the influence of a drug creating a disturbance. The call was initiated by appellant's mother who was concerned that appellant could not care for himself and that someone might get hurt. When the officers arrived at her home she directed them to an upstairs bedroom, stating that appellant had become very violent and was causing a disturbance. When the officers got to appellant's bedroom, they observed that appellant was being restrained by his brother and a couple of friends.

Appellant was violently attacking his brother; his speech was extremely slurred; he had trouble keeping balance when standing; his eyes were very red; and he had no aroma of alcoholic beverage about him. The officers were trained in the symptoms of persons under the influence of a drug. The officers formed the opinion that appellant was under the influence of a drug, and that he was unable to care for the safety of himself and others.

Appellant's mother said she needed help, that she could not control appellant and that she was going to call an ambulance because she was afraid appellant would be sick.

Appellant could not walk without assistance. The officers handcuffed him and assisted him downstairs by the arms. Appellant's mother had called an ambulance. One of the officers told her, "Cancel [the ambulance] and we'll take him to the hospital." Appellant was escorted, handcuffed, to the police car, cursing the officers. He was taken to the Burbank Community Hospital. A doctor administered Ipecac to appellant. When that failed to induce vomiting, the doctor prepared to pump appellant's stomach. When the doctor ordered appellant's boots removed for this procedure, a packet containing pills appearing to be Tuinal fell to the floor. Appellant's symptoms were consistent with the

---

[1]The disposition order was also based upon a finding on an unrelated petition that appellant was guilty of sale of marijuana. The appeal raises no issues with respect to that petition.

influence of Tuinal, and appellant was placed under arrest for posses-
sion of a dangerous drug.

The instant petition, however, charges appellant only with violation of
Penal Code section 647, subdivision (f), not with possession of any con-
trolled substance.

## DISCUSSION

■ Appellant contends the record does not support the trial court's
finding that appellant violated Penal Code section 647, subdivision (f).
We agree.

Penal Code section 647, subdivision (f), provides in pertinent part:
"Every person who commits any of the following acts is guilty of dis-
orderly conduct, a misdemeanor: [¶] (f) Who is found in any public
place under the influence of . . . any drug . . . in such a condition that
he is unable to exercise care for his own safety or the safety of others
. . . ."

When the police found appellant, he was in a bedroom of his own
home, which is manifestly not a public place within the meaning of the
statute. (*Reinert* v. *Superior Court* (1969) 2 Cal.App.3d 36, 39 [82
Cal.Rptr. 263]; see *People* v. *DeYoung* (1964) 228 Cal.App.2d 331, 337
[39 Cal.Rptr. 487].)

Appellant came to be in a public place, to wit, the sidewalk in front
of his home and the police vehicle en route to the hospital, only because
he was taken there by the police while handcuffed and while apparently
resisting at least to the extent of cursing the officers.

While it is also clear that the police officers acted properly in taking
custody of appellant and transporting him to the hospital at the request
of his mother and for his own benefit by reason of urgent medical
necessity, this fact should not justify appellant's prosecution for a crime
he did not voluntarily commit. While he was in his home, appellant was
not in violation of section 647, subdivision (f). Although the police had
proper grounds and laudable motives to remove appellant for transpor-
tation to the hospital, the fact remains that he was compelled by the
police officers to go to a public place.[2]

---

[2]There is no indication the police actually arrested appellant for violation of section
647, subdivision (f). They transported him to the hospital for medical treatment and

The People cite *People v. Olson* (1971) 18 Cal.App.3d 592 [96 Cal.Rptr. 132], and *People v. Perez* (1976) 64 Cal.App.3d 297 [134 Cal.Rptr. 338], both of which we find to be distinguishable. In *Olson* the intoxicated defendant rang the door bell at a home and was admitted to the home for the purpose of making a telephone call. The defendant then fell asleep and the home owner requested the assistance of the police in removing the defendant from her home. After escorting the defendant outside the house and observing her symptoms, the police arrested the defendant for violation of section 647, subdivision (f), and transported the defendant to the police station, where heroin was found in her purse. The appellate court upheld the arrest and subsequent booking search, finding that the police had authority to aid a citizen in removing the defendant from her property and that once the defendant was outside,. the police had reasonable cause to arrest her for violation of section 647, subdivision (f). In *Perez* the police knocked on the door of an apartment to investigate a domestic quarrel. The defendant opened the door and stepped out into the hallway, swinging an empty whisky bottle and otherwise displaying symptoms of intoxication. He was arrested for being drunk in a public place (the hallway) and was taken to the police station where heroin was discovered in his pockets. The appellate court upheld the arrest, finding that the defendant voluntarily came into the hallway. (*Id.*, at p. 299.) In dictum the court stated: "In any event, *People v. Olson, [supra,]* 18 Cal.App.3d 592, 594-595 [96 Cal.Rptr. 132], indicates that whether the person under the influence of intoxicating liquor or a drug comes into a public place of his or her own volition is without legal consequence in determining whether that person has violated the subdivision." (*Id.*, at p. 299, fn. 1.)

*Olson* and *Perez* are qualitatively different from the instant case. In *Olson* the defendant had originally been in a public place and although she had been given temporary refuge in someone else's home, she had no business remaining there when the home owner's consent was withdrawn. Here appellant was in his own home. In *Perez* the defendant voluntarily stepped into the public hallway and the comment made by the appellate court was dictum. Neither case is good authority for the proposition that a person who is under the influence in his own home

---

arrested him there for possession of dangerous drugs, the pills which fell from his boot during medical procedures. The prosecution, however, charged appellant only with violation of section 647, subdivision (f), not with possession. The record is unclear whether this was due to prosecutorial discretion or because the pills did not turn out to be contraband.

may be forcibly removed by the police and then prosecuted for being under the influence in a public place.

We also note that *Olson* and *Perez* each involved an arrest for violation of section 647, subdivision (f), but a prosecution for a different crime which was discovered upon booking. The statements in *Olson* and *Perez* should be interpreted in light of that fact. The purposes of section 647, subdivision (f), are to protect the offender himself from the results of his own folly and to protect the general public from the dangers and evils attendant upon the presence of intoxicated persons on the streets and highways and in other public places. (*People* v. *Olson, supra,* 18 Cal.App.3d at p. 597; *People* v. *Belanger* (1966) 243 Cal.App.2d 654, 662 [52 Cal.Rptr. 660].) Thus what the court in *Perez* probably meant by its dictum is that regardless of how an intoxicated person comes to be in a public place, the police must necessarily have the authority to arrest and remove that person from the public place in order to protect both the offender and the public. That such an arrest is proper does not necessarily mean a conviction is proper.

Thus the finding that appellant violated Penal Code section 647, subdivision (f), cannot be sustained. This does not require reversal of the judgment, however, because the disposition order was based in part upon a finding on an unrelated petition which appellant does not contest, that appellant was guilty of sale of marijuana. Since that was the more serious offense and the court did not cumulate the offenses for purposes of declaring the maximum period of physical confinement, the judgment need not be reversed.

The finding that the petition alleging violation of Penal Code section 647, subdivision (f), filed February 8, 1980, is true is reversed. In all other respects the judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.