**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THEA MCKAY PETERS, | No. 09-17868 |
| Plaintiff-Appellant, | D.C. No. 1:08-CV-00321-AWI-SMS |
| vs. | |
| J.P. RICHWINE, Officer, as an Individual and in his Official Capacities, | MEMORANDUM [*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted September 2, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and MILLS, District Judge.[**]

Following an arrest for driving while intoxicated and the subsequent dismissal

of charges, Thea McKay Peters asserted claims of false arrest and excessive force

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

against Officer J.P. Richwine under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment. The district court granted summary judgment in favor of Richwine, determining that he had probable cause to arrest Peters for disorderly conduct. We affirm.

We review the district court's grant of summary judgment *de novo*, drawing all reasonable inferences in favor of Peters, the non-movant. *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 547 (9th Cir. 2011). Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).

In California, a person is subject to arrest for disorderly conduct if, among other ways, that person:

> is found in any public place under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, controlled substance, or toluene, in a condition that he or she is unable to exercise care for his or her own safety or the safety of others, or by reason of his or her being under the influence of intoxicating liquor, any drug, controlled substance . . . interferes with or obstructs or prevents the free use of any street, sidewalk, or other public way.

Cal. Pen. Code § 647(f). "A public place has been defined to be a place where the public has a right to go and to be, and includes public streets, roads, highways, and sidewalks." *People v. Belanger*, 243 Cal. App.2d 654, 657 (1966) (citation omitted). In *Belanger*, the defendant was "stretched out and apparently asleep in the front seat

2

of his automobile which was lawfully parked with the ignition off along the curb." *Id*. at 656. The officers determined the individual was intoxicated. *See id*. The court concluded that defendant violated Penal Code § 647(f). *See id*. at 655, 662; *see also Mardis v. Superior Court*, 218 Cal. App.2d 70, 74-75 (1963) (found that defendant who had been sleeping in his car and was intoxicated was subject to arrest for violation of § 647(f)). More recently, the California Supreme Court observed that "sitting in an automobile while intoxicated does not, as a matter of law, prevent one from being arrested for intoxication in a public place." *People v. Cruz*, 44 Cal.4th 636, 674 (2008) (citation omitted). "Nor does being found asleep in a vehicle prevent an arrest for public intoxication under section 647(f)." *Id*.

Based on his own observations and investigation, Richwine had reason to believe that Peters was intoxicated in a public place. Therefore, the district court correctly concluded that Richwine had probable cause to arrest Peters for a violation of California Penal Code § 647(f).

Peters contends that the district court erred by requesting additional briefing on § 647(f) and should have instead denied Richwine's motion for summary judgment after determining that Richwine lacked probable cause to arrest her for DUI, in violation of California Vehicle Code § 40300.5. In fact, a court may grant summary judgment even without a motion, as long as notice and an opportunity to respond are

provided. *See* Fed. R. Civ. P. 56(f)(1). Moreover, courts may enter summary judgment on grounds not raised by a party. *See* Fed. R. Civ. P. 56(f)(2). Therefore, Peters's contention that the district court erred in ordering supplemental briefing and on entering summary judgment on grounds which were not initially raised is without merit.

Peters also alleges that Richwine used excessive force during the arrest. A plaintiff must do more than simply rely on conclusory allegations in order to defeat summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). She claims that Richwine placed handcuffs on her by twisting her right arm enough to cause pain to her shoulder. Peters further asserts she fell to the ground and injured her knee when she was pulled out of the police vehicle. Peters provides only these general allegations of injury. Additionally, Peters did not dispute that Richwine took her to a hospital but she refused to be examined or treated. Therefore, summary judgment was properly entered in favor of Richwine on Peters's excessive force claims.

**AFFIRMED.**