Filed 7/10/15  In re T.M. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

|  |  |
|---|---|
| In re T.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>T.M.,<br><br>    Defendant and Appellant. | G051492<br><br>(Super. Ct. No. DL048303)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Fred Slaughter, Judge.  Affirmed.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

\*                \*                \*

We appointed counsel to represent defendant on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given 30 days to file written argument in defendant's own behalf. That period has passed, and we have received no communication from defendant.

T.M., the minor, was born in 1998. Prior to the present incident, two other petitions had been filed against her. The present incident, which resulted in a third petition, occurred on August 22, 2014. Police were dispatched to El Modena High School because of a complaint by the high school staff that intoxicated juveniles refused to leave the school premises. The minor was sobbing and bleeding from her nose and mouth, and she had a large purple contusion on the left side of her face. The minor's friend said the minor was drunk. The friend said that when the police arrived, the minor tried to get up and walk away, but she fell down face first onto the sidewalk.

When police tried to question the minor, she responded with profanities. She had slurred speech, watery eyes, an odor of alcohol and was unable to walk under her own power. Paramedics took her to a hospital. Paramedics made a decision to release the minor to the care of the hospital because she was unable to care for herself.

On November 14, 2014, a petition alleging violation of Penal Code section 647, subdivision (f), public intoxication "in a public place under the influence of an intoxicating liquor, a drug, toluene, a controlled substance, and a combination thereof," was filed. Following trial, the juvenile court stated: "The court finds after consideration of all of the evidence in the matter that paragraph one as alleged in petition number three [violation of Penal Code section 647, subdivision (f)] is found to be true beyond a reasonable doubt."

2

Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel propounded two issues to assist this court with its analysis: (1) whether the high school where the minor was found is a public place within the meaning of Penal Code section 647, subdivision (f)[1] and; (2) whether the minor should have been prosecuted at all because of the language of section 647, subdivision (g) and Welfare and Institutions Code section 5170.

## I

## DISCUSSION

*Section 647, subdivision (f)*

Section 647, subdivision (f) provides, in pertinent part, "[E]very person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: [¶] . . . [¶] (f) Who is found in any public place under the influence of intoxicating liquor . . . in a condition that he or she is unable to exercise care for his or her own safety or the safety of others, or by reason of his or her being under the influence of intoxicating liquor . . . interferes with or obstructs or prevents the free use of any street, sidewalk, or other public way."

"The Legislature has used the phrase 'public place' elsewhere in the Penal Code, sometimes with apparently conflicting meaning. Thus, section 653.22, subdivision (a), prohibits loitering in any 'public place' with intent to commit prostitution. Section 653.20, subdivision (b), which defines the phrase 'public place' as used in section 653.22, subdivision (a), states, in relevant part, that "'Public place' means an area *open to the public*, . . .' On the other hand, section 311.6, prohibits, inter alia, obscene live conduct 'in any *public place* or in any place exposed to public view, *or* in any place *open to the public* or to a segment thereof . . . .'" Thus, under section 653.20, subdivision (b), a 'public place' includes an area 'open to the public' while, under section 311.6, a 'public

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

place' is expressly distinguished from a place 'open to the public.' Suffice it to say that the phrase 'public place' is not used throughout the Penal Code with a clear and uniform legislative meaning from which we may deduce the meaning of that phrase at section 594.1, subdivision (e)." (*In re Danny H.* (2002) 104 Cal.App.4th 92, 98, fn. omitted.)

But "California courts have made it clear that whether a particular location is a 'public place' or 'public area' depends on the totality of the facts of the individual case. [Citations.]" (*People v. Strider* (2009) 177 Cal.App.4th 1393, 1401.) In a case where the defendant was found guilty of public intoxication under section 647, subdivision (f) after police found him asleep in a station wagon outside a residence, the California Supreme Court stated: "A public place includes the area outside a home in which a stranger is able to walk without challenge. [Citation.]" (*People v. Cruz* (2008) 44 Cal.4th 636, 674.) In *People v. Olson* (1971) 18 Cal.App.3d 592, the court concluded the area outside a home, including the driveway, lawn, and porch was a public place within the meaning of section 647, subdivision (f) in asmuch as the defendant was a complete stranger to the homeowner who was unable to walk through the outside of her home to the front door without challenge. (*Id.* at p. 598.) In *In re Zorn* (1963) 59 Cal.2d 650, a barbershop was found to be a public place for purposes of public intoxication. (*Id.* at p. 652.)

While not analyzing a public place as it is meant within section 647, subdivision (f), *In re Miguel H.* (2010) 180 Cal.App.4th 1429, did hold that "public schools are public places for purposes of section 594.1," a statute pertaining to defacement of property. (*Id.* at p. 1436.) The *Miguel H.* court also noted "that the general public does not have unrestricted access to school campuses does not preclude a finding that they are public places." (*Ibid.*)

In *People v. Belanger* (1966) 243 Cal.App.2d 654, upon investigating a report of a "drunk in auto," a police officer found the defendant stretched out and

apparently asleep in the front seat of his automobile. That court stated: "We think it is obvious that public streets and highways are public places." (*Id*. at p. 657.)

Here the minor was on the grounds of a public school so drunk she was unable to walk. We also think it is obvious that a public school is a public place within the meaning of section 647, subdivision (f). Under the totality of the circumstances here, we must conclude the minor was intoxicated in a public place.

*Section 647, subdivision (g) & Welfare and Institutions Code 5170*

Section 647, subdivision (g) states: "When a person has violated subdivision (f), a peace officer, if he or she is reasonably able to do so, shall place the person, or cause him or her to be placed, in civil protective custody. The person shall be taken to a facility, designated pursuant to Section 5170 of the Welfare and Institutions Code, for the 72-hour treatment and evaluation of inebriates. A peace officer may place a person in civil protective custody with that kind and degree of force which would be lawful were he or she effecting an arrest for a misdemeanor without a warrant. A person who has been placed in civil protective custody shall not thereafter be subject to any criminal prosecution or juvenile court proceeding based on the facts giving rise to this placement. This subdivision shall not apply to the following persons: [¶] (1) Any person who is under the influence of any drug, or under the combined influence of intoxicating liquor and any drug. [¶] (2) Any person who a peace officer has probable cause to believe has committed any felony, or who has committed any misdemeanor in addition to subdivision (f). [¶] (3) Any person who a peace officer in good faith believes will attempt escape or will be unreasonably difficult for medical personnel to control."

Welfare and Institutions Code section 5170 states: "When any person is a danger to others, or to himself, or gravely disabled as a result of inebriation, a peace officer, member of the attending staff, as defined by regulation, of an evaluation facility designated by the county, or other person designated by the county may, upon reasonable

5

cause, take, or cause to be taken, the person into civil protective custody and place him in a facility designated by the county and approved by the State Department of Alcohol and Drug Abuse as a facility for 72-hour treatment and evaluation of inebriates."

In this case, the police officer was not able to release the minor into civil protective custody because paramedics were required to remove her from the school grounds. Paramedics thereafter made the decision to release the minor to the care of a hospital because she was unable to care for herself.

## II

## DISPOSITION

We have examined the record and found no other arguable issues. The judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.