[No. B083094. Second Dist., Div. Seven. Mar. 15, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMON JIMENEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published are: the Introduction, Facts and Proceedings Below, part I and the Disposition.

**COUNSEL**

Philip I. Bronson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—Defendant appeals from the judgment following his conviction of selling a controlled substance, cocaine. We affirm.

### FACTS AND PROCEEDINGS BELOW

While on bicycle patrol on a clear, sunny morning in October 1993, Officers Flynn and Gale observed what they believed to be a narcotics sale in a residential driveway. Flynn saw defendant and another man, Smith, standing in the driveway. Smith handed defendant currency which was folded in half. Defendant took the money in his left hand and, with his right hand, gave Smith a small plastic baggie. The officers approached the two men, identified themselves and placed them under arrest. Officer Flynn recovered the baggie which was later determined to contain rock cocaine. He

also recovered a $20 bill and four $1 bills which defendant was holding in his left hand at the time of his arrest. This currency was not introduced into evidence at trial.

Following the arrest Flynn used a measuring tool to determine the distance between the place where defendant had been standing in the driveway and a nearby elementary school. He determined the place where the cocaine sale took place was within 1,000 feet of the school. The school was open and classes were in session at the time the offense took place.

A jury found defendant guilty of violating Health and Safety Code section 11352, subdivision (a)[1] which proscribes, inter alia, selling, furnishing or giving away a controlled substance including cocaine. The jury also found the sale took place within 1,000 feet of a school resulting in an enhancement of defendant's sentence under section 11353.6, subdivision (b). On appeal, defendant challenges both his conviction of the underlying offense and the enhancement of his sentence.

DISCUSSION

I. *The Trial Court Erred in Not Instructing the Jury It Had to Determine Whether the Private Driveway in Which This Drug Sale Took Place Was a "Public Area" for Purposes of Section 11353.6, but the Error Was Harmless.*

Defendant's sentence for selling cocaine was enhanced under section 11353.6, subdivision (b) which applies to the sale of a controlled substance "within 1000 feet of a public or private elementary, vocational, junior high, or high school . . . ." Subdivision (g) of the statute states " 'Within 1000 feet of a public or private [school]' means any public area or business establishment where minors are legally permitted to conduct business which is located within 1000 feet of any public or private [school]." Defendant did not request, and the court did not give, an instruction on the limitation contained in subdivision (g).

On appeal, defendant contends his sentence should not have been enhanced because, as a matter of law, a private driveway is not a "public area" within the meaning of section 11353.6, subdivision (g). Alternatively, defendant contends the court erred in not instructing the jury the prosecution had to prove the offense occurred in a "public area." We conclude the trial court should have instructed the jury it had to find the sale took place in a "public area," but the failure to do so was harmless beyond a reasonable doubt.

---

[1]All statutory references are to the Health and Safety Code unless otherwise noted.

### A. A "Public Area" for Purposes of Section 11353.6 Includes Those Portions of Private Property Which Are Readily Accessible to the Public.

■ Prior to January 1993, section 11353.6 created a drug-free zone around schools by providing for an enhancement of 3, 4, or 5 years upon conviction of drug trafficking "within 1000 feet" of a school. The enhancement applied even if the sale took place in the bedroom of a private residence at a time when the nearby school was closed for summer vacation. (*People* v. *Williams* (1992) 10 Cal.App.4th 1389, 1391, 1395 [13 Cal.Rptr.2d 379].)

In affirming this broad interpretation of the statute the *Williams* court concluded the Legislature's interest was in " 'shielding . . . children from the evils of the drug trade. Whether or not a child is involved in or otherwise present during any particular sale of narcotics within one thousand feet of a school, subjecting the seller to enhanced penalties reasonably may be expected to deter the seller and other illicit dealers from conducting their operations near school property in the future. . . . It is difficult to imagine a more rational way of keeping drug traffickers out of areas where children are more likely to come into contact with them than to subject them to a risk of stiffer penalties for doing business near school property.' " (10 Cal.App.4th at p. 1395, quoting from *United States* v. *Nieves* (S.D.N.Y. 1985) 608 F. Supp. 1147, 1149-1150.)

In 1993, the Legislature expanded the list of underlying offenses subject to the enhancement but limited the circumstances under which the enhancement could apply. Section 11353.6, subdivision (b) was amended to provide the enhancement only applied to drug transactions which took place "during hours that the school is open for classes or school-related programs, or at any time when minors are using the facility where the offense occurs." The Legislature also added subdivision (g) which provided the enhancement could no longer be imposed for drug offenses occurring within 1,000 feet of a school unless it was proven the offense took place in a "public area or business establishment where minors are legally permitted to conduct business." (Stats. 1992, ch. 989, § 1.)

Our concern in the present case is with the meaning of the term "public area." The term is not defined in the statute. The only opinion construing section 11353.6, subdivision (g) held the enhancement no longer applies to drug sales which occur in private residences. (*People* v. *Todd* (1994) 30 Cal.App.4th 1724, 1729 [36 Cal.Rptr.2d 774].) While we believe any reasonable definition of "public area" would exclude a private residence, the question before us is whether it also excludes the driveway of that private residence.

Because the term "public area" is not defined in section 11353.6, we must determine its meaning by construing it in harmony with the nature and obvious purpose of the statute. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155]; *People* v. *Williams, supra,* 10 Cal.App.4th at p. 1393.)

We do not believe the Legislature enacted the 1993 amendments to section 11353.6 because it suddenly became soft on crime or because it lost interest in "shielding . . . children from the evils of the drug trade." Just the opposite. The 1993 amendments expanded the list of underlying offenses subject to the enhancement thereby increasing the punishment for drug-related crimes on or near schools. The 1993 amendments also represent a change in focus away from attempting to create a "drug-free zone" around schools, focusing instead on preventing the sale of drugs to students on their way to and from school and, equally important, protecting them from exposure to drug dealers and drug buyers so they will not be influenced to emulate the conduct of either.

Schools are a magnet not only to students but to those who would draw the students into use and distribution of illicit drugs. Where children congregate in large numbers off campus before and after school, they are readily subject to solicitation by drug dealers and exposed to drug deals involving fellow students or adults. These risks of harm are substantially less if the school is closed or abandoned. The amendment to section 11353.6, subdivision (b) recognizes these facts by focusing the enhancement for off-campus drug offenses on the hours the school is open for classes or school-related programs.

Similarly, section 11353.6, subdivision (g) recognizes drug transactions carried out in private or in places where minors are not lawfully present, such as bars, nightclubs and adult bookstores, do not expose minors to drug trafficking to the same degree as transactions carried out in places children are likely to congregate before, during and after school such as streets, sidewalks, and bus stops.[2]

This does not mean, however, the term "public area" should be construed as synonymous with "public property." When the Legislature uses the adjective "public" to describe a location it is not necessarily implying the location is under public ownership or control. For example, it is well

---

[2]We construe the phrase "where minors are legally permitted to conduct business" as modifying the term "business establishment" not "public area." Thus, the enhancement is limited to offenses which occurred in a public area *or* in a business establishment where minors are legally permitted to conduct business. (Accord, *People* v. *Todd, supra,* 30 Cal.App.4th at p. 1729.)

established a "public place" for purposes of Penal Code section 647 (disorderly conduct) is not synonymous with public property, "but an area where a member of the public may be lawfully present." (*People* v. *White* (1991) 227 Cal.App.3d 886, 891 [278 Cal.Rptr. 48]; see, e.g., *In re Zorn* (1963) 59 Cal.2d 650, 652 [30 Cal.Rptr. 811, 381 P.2d 635] [barber shop]; *People* v. *Perez* (1976) 64 Cal.App.3d 297, 301 [134 Cal.Rptr. 338] [common hallway in apartment building]; *People* v. *Olson* (1971) 18 Cal.App.3d 592, 598 [96 Cal.Rptr. 132] [front yard of private residence]; *People* v. *Belanger* (1966) 243 Cal.App.2d 654, 662 [52 Cal.Rptr. 660] [private automobile parked on public street]).

Given the purpose of section 11353.6 to shield students not only from direct contact with drug dealers but from exposure to drug transactions, we believe the term "public area" should be construed to include publicly owned locations such as streets, sidewalks and bus stops as well as those portions of private property which are readily accessible to the public. (Cf. *People* v. *Perez*, *supra*, 64 Cal.App.3d at p. 301, defining "public place" as "a location readily accessible to all those who wish to go there . . . .") This latter category includes private driveways. Driveways are areas students may pass by or through on their way to and from school, are generally exposed to public view and are generally accessible to persons making deliveries, service calls, and solicitations and engaging in various errands.[3]

Furthermore, limiting the term "public area" to publicly owned places would clearly frustrate the purpose of the statute to shield students from drug traffickers. Such a construction would allow a drug dealer who openly sold narcotics within a few feet of a school to avoid the enhancement if he stepped off the street onto a private driveway when he made the sale. We also note other statutes already provide enhancements for drug trafficking on publicly owned property such as parks, playgrounds, youth centers and swimming pools. (§§ 11353.1, 11353.5, 11353.7.)

Thus we reject defendant's contention that, as a matter of law, a private driveway is not a "public area" for purposes of section 11353.6.

 B. *Defendant Was Entitled to a Jury Determination Whether the Driveway Was a Public Area.*

 With the addition of section 11353.6, subdivision (g), the burden is on the People to prove not only that the offense took place within 1,000 feet

---

[3]We express no view on whether a private driveway should be considered a "public place" for purposes of Penal Code section 647. (Compare dicta in *In re Koehne* (1963) 59 Cal.2d 646, 649 [30 Cal.Rptr. 809, 381 P.2d 633] with dicta in *People v Olson, supra*, 18 Cal.App.3d at p. 598.)

of a school but that it took place in a public area or a business establishment where minors are legally permitted to conduct business. (*People* v. *Todd*, *supra*, 30 Cal.App.4th at p. 1729.)

Here the trial court instructed the jury it must determine if the offense took place within 1,000 feet of a school but did not instruct the jury the offense must also have been committed in a "public area or business establishment where minors are permitted to conduct business." Therefore, defendant was deprived of a jury determination on a fact essential to the enhancement.

█ Our Supreme Court has stated, "Due process 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' . . . It requires the state to prove ' "every ingredient of an offense beyond a reasonable doubt." ' " (*People* v. *Figueroa* (1986) 41 Cal.3d 714, 725 [224 Cal.Rptr. 719, 715 P.2d 680], citations omitted.) This same rule applies to the facts essential to an enhancement under section 11353.6. (*People* v. *Figueroa* (1993) 20 Cal.App.4th 65, 71 [24 Cal.Rptr.2d 368] [defendant entitled to jury determination whether school was open for classes].) Furthermore, this rule applies no matter how compelling the People's evidence may be. (*People* v. *Figueroa*, *supra*, 41 Cal.3d at p. 733.) As we explained in *People* v. *Higareda* (1994) 24 Cal.App.4th 1399, 1406 [29 Cal.Rptr.2d 763], even if the prosecution's evidence appears to establish all of the elements of an offense or enhancement as a matter of law, it is nevertheless error to give an instruction which removes determination of the offense or enhancement from the province of the jury.

█ The People argue commission of the offense in a public area is not a fact necessary to the enhancement but rather commission of the offense in a nonpublic area is an exception to the enhancement, analogous to an affirmative defense on which the court has no sua sponte duty to instruct. This argument is contrary to the plain wording of the statute which states, "Within 1000 feet of a [school] *means* any public area . . . ." (§ 11353.6, subd. (g), italics added.) Furthermore, the logical extension of this argument is that the court has no duty to instruct on the enhancement at all because commission of the offense on nonschool property or during nonclass hours or more than a 1,000 feet from the school would all be exceptions to the enhancement. █ In any event, even if commission of a drug-related offense in a "public area" was not an ingredient of the enhancement, where, as here, the Legislature has given a term a specific meaning the trial court

has a duty to instruct the jury on that meaning. (*People* v. *Hill* (1983) 141 Cal.App.3d 661, 668 [190 Cal.Rptr. 628].)

### C. *Failure to Instruct the Jury to Determine Whether the Driveway Was a Public Area Was Harmless Beyond a Reasonable Doubt.*

Although the trial court should have instructed the jury to determine whether the private driveway in which the drug sale took place was a public area, the error is not reversible per se because the trial court did not preclude jury consideration of all or substantially all of the elements of the enhancement. (Cf. *People* v. *Cummings* (1993) 4 Cal.4th 1233, 1313-1315 [18 Cal.Rptr.2d 796, 850 P.2d 1].) The effect of the court's instruction was the same as if it had instructed the jury if it found the offense took place in a private driveway then it must find the offense took place in a public area. Such an error is measured by the "harmless beyond a reasonable doubt" standard. (*People* v. *Hedgecock* (1990) 51 Cal.3d 395, 410 [272 Cal.Rptr. 803, 795 P.2d 1260]; *People* v. *Higareda, supra,* 24 Cal.App.4th at p. 1406.)

We are satisfied the error here was harmless beyond a reasonable doubt. In closing argument, defense counsel conceded the applicability of the enhancement was "obvious" and simply reminded the jury "that issue only comes into effect if you find my client guilty." The trial court left the enhancement for jury determination except for the question whether the driveway was a public area. Even if the "public area" issue had been submitted to the jury, from the evidence in the record the jury could not have come to any conclusion other than that the driveway was a public area. The relevant evidence was undisputed. The driveway was 10 to 12 feet wide. Defendant and Smith were standing approximately 20 feet up the driveway when the sale took place. There was no gate, guard dog or other impediment to public access. The officers testified they had an unobstructed view of the sale from across the street.

For these reasons we affirm the defendant's sentence enhancement under section 11353.6.

### II. *Defendant's Challenges to His Conviction of Selling a Controlled Substance Are Without Merit.**

. . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 54.

## DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.