[No. B184264. Second Dist., Div. Six. July 19, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
WILSON L. DAVIS, Defendant and Appellant.

520

**Counsel**

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and Susan Sullivan Pithey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PERREN, J.**—Wilson L. Davis appeals the judgment entered after a jury convicted him of possession of cocaine base for sale (Health & Saf. Code,[1] § 11351.5), and possession of marijuana for sale (§ 11359). The jury also found true the allegation that the section 11351.5 offense took place "upon the grounds of, or within 1,000 feet of" an elementary school (§ 11353.6, subd. (b)). In a bifurcated proceeding, Davis admitted that he had previously been convicted of a drug offense (§ 11370.2, subd. (a)). He was sentenced to a total state prison term of 11 years eight months, consisting of the midterm of four years on the section 11351.5 offense, plus four years pursuant to section 11353.6, subdivision (b), plus three years pursuant to section 11370.2, subdivision (a), plus a consecutive term of eight months for the section 11359 offense.

Davis contends, and the People concede, that the evidence is insufficient to sustain the jury's finding on the section 11353.6 enhancement with regard to his section 11351.5 offense. Accordingly, we shall order the enhancement stricken. Otherwise, we affirm.[2]

## FACTS AND PROCEDURAL HISTORY

At approximately 4:00 p.m. on December 15, 2004, Los Angeles County Sheriff's Detective Charles Oeland and a team of narcotics agents executed a search warrant at a single-family residence located at 9503 Grape Street in Los Angeles. The residence is located across the street from the 92d Street Elementary School. At the time the warrant was executed, between 50 and 115 children were attending after-school programs at the school.

When the agents arrived at the residence, four men, including Davis, were congregated in the front yard. After all four were detained, the agents entered the house and encountered Davis's mother, Martha Allen, and another woman, both of whom were brought outside.

---

[1] Statutory references are to the Health and Safety Code.

[2] The People's concession renders moot Davis's contention that the jury was improperly instructed on the elements of the section 11353.6, subdivision (b) enhancement.

Prior to the search, Davis told Detective Oeland that he lived at the residence with his mother and sister, and he identified the location of his bedroom. A search of his person revealed that Davis had $1,586 in cash in his pocket. Davis told the police that it was the proceeds from the sale of a car, but he was unable to provide any documentation or other information regarding the sale. After Davis was advised of and waived his *Miranda*[3] rights, he told Detective Oeland that he did not sell drugs and had no knowledge of any illegal drugs within the house.

In the course of the search, Detective Oeland entered the attached garage from a door in the kitchen. Inside the garage, he found bags containing 10 grams of cocaine and two and one-half pounds of marijuana. The detective also found empty "Ziploc" baggies that are commonly used for packaging marijuana for sale. When Detective Oeland showed Davis the drugs, Davis admitted they were his and that Allen knew nothing about them. He also identified the precise areas where the drugs were found in the garage.

At trial, Detective Oeland opined that Davis possessed the drugs for sale based on (1) the quantity of drugs recovered; (2) the amount of cash found in Davis's pocket and the denomination of the bills; (3) the Ziploc baggies that were found with the marijuana; and (4) Davis's admission that the drugs belonged to him.

In defense, Davis presented evidence supporting his claim that the money found in his pocket was from the recent sale of a car. Allen also testified that Davis did not live with her, and that the only way to enter the garage where the drugs were found was through the kitchen door because the outside door was locked. According to Allen, lots of people visited her house, including friends of her daughter who lived with her, and "[a]nybody" had access to the garage while they were there. In rebuttal, Detective Oeland testified that Davis and Allen had told him at the time of the search that Davis lived at the house, and that both of them had identified the location of his bedroom.

## DISCUSSION

Davis contends the evidence is insufficient to support the jury's finding that he possessed the cocaine found in his mother's garage for sale "upon the

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602].

grounds of, or within 1,000 feet of" an elementary school, as contemplated by section 11353.6, subdivision (b). The People concede the error, and we accept that concession.

Section 11353.6, known as the Juvenile Drug Trafficking and School-yard Act of 1988, provides in pertinent part that "[a]ny person 18 years of age or over who is convicted of a violation of Section 11351.5 . . . where the violation takes place upon the grounds of, or within 1,000 feet of, a public or private elementary, vocational, junior high, or high school during hours that the school is open for classes or school-related programs, or at any time when minors are using the facility where the offense occurs, shall receive an additional punishment of 3, 4, or 5 years at the court's discretion." In 1993 the statute was amended to limit application of the enhancement to those offenses occurring in "any public area or business establishment where minors are legally permitted to conduct business which is located within 1,000 feet of any public or private elementary, vocational, junior high, or high school." (§ 11353.6, subd. (g).)

Courts construing the 1993 amendment have concluded that the term "public area" includes "publicly owned locations such as streets, sidewalks and bus stops as well as those portions of private property which are readily accessible to the public," such as public driveways. (*People v. Jimenez* (1995) 33 Cal.App.4th 54, 60 [39 Cal.Rptr.2d 12]; see *People v. Townsend* (1998) 62 Cal.App.4th 1390, 1395–1397 [73 Cal.Rptr.2d 438]; see also *People v. Todd* (1994) 30 Cal.App.4th 1724, 1729 [36 Cal.Rptr.2d 774] [concluding the enhancement does not apply to drug transactions that take place solely within the confines of a private residence]; cf.*People v. Marzet* (1997) 57 Cal.App.4th 329, 336–337 [67 Cal.Rptr.2d 83] [concluding that the enhancement may apply where crime is *conspiracy* to commit a narcotics offense where an overt act in furtherance of the conspiracy occurs in a public area].)

It is undisputed that the cocaine Davis was convicted of possessing for sale was found in the garage of a private residence that was not accessible to the general public. As the People concede, no evidence was presented at trial from which the jury could have inferred that Davis possessed or sold the cocaine anywhere outside of the garage. Because the evidence is insufficient to support a finding that Davis possessed the cocaine for sale in a public area within 1,000 feet of an elementary school as contemplated by section 11353.6, subdivision (b), the jury's true finding as to that enhancement must be reversed.

## DISPOSITION

The trial court is directed to modify the abstract of judgment by striking the four-year section 11353.6, subdivision (b) enhancement, and to forward the modified abstract of judgment to the Department of Corrections. As so modified, the judgment is affirmed.

Yegan, Acting P. J., and Coffee, J., concurred.